Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 20**

**No. 18SA257, *In re People v. Roina*—Competency Proceedings.**

The supreme court addresses whether a trial court erred in requiring the defense to provide a copy of its sealed motion raising competency to the prosecution before conducting an initial competency evaluation of the defendant.  Because section 16-8.5-102(2)(b), C.R.S. (2018), requires trial courts to consider defense motions raising competency without disclosing that motion to the prosecution, the supreme court determines that the trial court erred in concluding that Rule 2.9(A) of the Colorado Code of Judicial Conduct prohibits the trial court from conducting an ex parte review of the defense's motion.  Accordingly, the supreme court makes its rule to show cause absolute.

**2019 CO 20**

**Supreme Court Case No. 18SA257**
*Original Proceeding Pursuant to C.A.R. 21*
El Paso County District Court Case No. 18CR3870
Honorable Gregory R. Werner, Judge

**In Re**

**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

Benjamin Roina.

**Rule Made Absolute**
*en banc*
March 25, 2019

**Attorneys for Plaintiff:**
Philip J. Weiser, Attorney General
LeeAnn Morrill, First Assistant Attorney General
 *Denver, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Max Shapiro, Deputy Public Defender
 *Colorado Springs, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1     In this original proceeding, we consider whether the trial court erred by declining to review the defense's sealed motion raising competency unless and until the defense made the motion available to the prosecution. We conclude that it did.

¶2     Although Rule 2.9(A) of the Colorado Code of Judicial Conduct generally prohibits judges from considering communications that are shared with only one party in a pending matter, this type of ex parte communication is permitted when expressly authorized by law. Because section 16-8.5-102(2)(b), C.R.S. (2018), requires the trial court to consider defense counsel's motion raising competency without disclosing that motion to the prosecution, we make our rule to show cause absolute and remand to the trial court for further proceedings.

## I. Facts and Procedural History

¶3     Petitioner, Benjamin Roina, was charged with harassment and assault on an at-risk adult. At his preliminary hearing, Roina's defense counsel filed a sealed motion with the trial court contesting his competency and requested that the court order a competency evaluation. Defense counsel provided notice of the motion to the prosecution but did not provide the prosecution with a copy of the motion.

¶4     The trial court refused to review the sealed motion unless defense counsel provided the prosecution with a copy. In its written order, the trial court explained that engaging in an ex parte communication with the defense would contravene Rule 2.9(A) of the Colorado Code of Judicial Conduct, which prohibits communications made to the judge outside the presence of the parties or their lawyers unless, as relevant here, expressly authorized by law. The court further concluded that section 16-8.5-102(2)(b),

3

the statute governing competency determinations, is ambiguous as to whether ex parte review of defense counsel's motion would be permitted. The court thus determined that defense counsel was required to provide the prosecution a copy of the sealed competency motion before the court could review the motion and make a preliminary finding as to the defendant's competency.

¶5    Defense counsel moved again for the trial court to consider its motion, contending that section 16-8.5-102(2)(b) requires that the defense provide a copy of the sealed motion to the prosecution only if it requests a competency hearing, not when it asks for a preliminary finding as to competency. Because the defense here requested just the preliminary evaluation, defense counsel argued that the statute requires notice only to the prosecution of the filing. The trial court again rejected these arguments, concluding that section 16-8.5-102(2)(b) and the Colorado Code of Judicial Conduct, read together, do not permit the court to make "legal and procedural ruling[s] based on an ex parte submission of offers of proof or representations of evidence."

¶6    Defense counsel petitioned for relief pursuant to C.A.R. 21. We issued a rule to show cause and the trial court responded. Because section 16-8.5-102(2)(b) requires the defense to provide the prosecution a copy of a sealed motion raising competency only when defense counsel requests a competency hearing, not a preliminary finding as to competency, we conclude that the trial court erred and now make that rule absolute.

## II.  Analysis

¶7    This court's exercise of its jurisdiction under C.A.R. 21 is within our sole discretion. *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005). In this instance, we have determined

that exercise of this extraordinary remedy is appropriate because the trial court's interpretation of section 16-8.5-102(2)(b) has led it to refuse a preliminary competency determination and because a defendant may not be tried or sentenced when he or she is incompetent to proceed. § 16-8.5-102(1); *see People v. Zapotocky*, 869 P.2d 1234, 1237 (Colo. 1994) (holding that due process prohibits the trial of an incompetent defendant).

¶8 The procedures to be followed in determining whether a defendant is competent to proceed with trial are set forth in section 16-8.5-102 to –110, C.R.S. (2018). If the prosecution or the defense has reason to believe that a defendant is incompetent, either party may file a motion requesting that the trial court determine competency.[1] § 16-8.5-102(2)(b). Section 16-8.5-102(2)(b) establishes the procedures by which the prosecution or the defense may challenge a defendant's competency. It provides, in relevant part, that when raising the issue of competency

> [a] motion to determine competency shall be in writing and contain a certificate of counsel stating that the motion is based on a good faith doubt that the defendant is competent to proceed. The motion shall set forth the specific facts that have formed the basis for the motion. The motion shall be sealed by the court. If the motion is made by the prosecution, the prosecution shall provide to the defense a copy of the motion. If the motion is made by the defense, the defense shall provide to the prosecution notice of the filing of the motion at the time of filing, and if the defense requests a hearing, the defense shall provide the motion to the prosecution at the time the hearing is requested.

---

[1] The trial court may, and indeed has a duty to, raise competency on its own if the judge has reason to believe the defendant is incompetent to proceed. § 16-8.5-102(2)(a). The procedures for doing so are governed by section 16-8.5-103, C.R.S. (2018).

¶9    The trial court contends that section 16-8.5-102(2)(b) does not expressly permit the court to engage in ex parte communications with defense counsel when determining competency. The trial court asserts that because the statute does not distinguish between a preliminary finding as to competency and a competency hearing, the defense must provide a copy of the motion to the prosecution when either is requested.

¶10    What the trial court's argument fails to consider is that section 16-8.5-103, which governs the process for the determination of competency to proceed, expressly distinguishes between a preliminary finding and a competency hearing. That section provides that whenever the question of a defendant's competency is raised, the court may make a "preliminary finding." § 16-8.5-103(1). That finding will become permanent unless one of the parties objects to the court's conclusion. *Id.* If either party objects to the preliminary finding, or if the court concludes that it lacks sufficient information to make a finding, the court "shall" order an evaluation of the defendant and a written report explaining that evaluation. § 16-8.5-103(2). Within fourteen days after the evaluation report is final, either party *may request a hearing* or ask for a second evaluation, in which case the hearing is delayed pending the results of that evaluation. § 16-8.5-103(3)–(4). The General Assembly made clear in section 16-8.5-103 that there is a distinction between the preliminary finding as to competency and the competency hearing.

¶11    And it made equally clear in section 16-8.5-102(2)(b) that the obligations of the prosecution and the defense differ, depending on which stage of the competency determination is at issue. When the prosecution raises competency, it must provide the defense a copy of the sealed motion. *Id.* However, the defense need only provide the

6

prosecution a notice of filing. *Id.* It is not until the defense requests a competency hearing that it must provide a copy of its sealed motion to the prosecution. *Id.*

¶12     The plain language of the statute provides that the trial court may consider the defense's ex parte competency motion when the defense raises competency and seeks a preliminary finding as to competency. *Id.*; *see Bostelman v. People*, 162 P.3d 686, 689–90 (Colo. 2007) (explaining that our primary task when construing a statute is to give effect to the General Assembly's intent, which we discern by looking first to the plain language of the statute). The trial court thus erred in requiring defense counsel to provide the prosecution a copy of its sealed motion before it would consider the defense's request for a preliminary finding. Accordingly, we make the rule absolute and remand for further proceedings consistent with this opinion.

## III.  Conclusion

¶13     Because defense counsel's sealed motion raising defendant's competency was a request for the court to order an initial competency evaluation of the defendant and section 16-8.5-102(2)(b) requires trial courts to consider these motions even though they may be characterized as ex parte communications, we conclude that the trial court erred in determining that it could review the defense's motion only if it provided a copy to the prosecution. We therefore vacate the trial court's order denying the defense's motion for a competency evaluation, make the rule absolute, and remand for further proceedings consistent with this opinion.